UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RYAN G. McAFEE,

        Plaintiff,

   v.

METROPOLITAN LIFE INSURANCE COMPANY and PEOPLESOFT INCORPORATED LONG-TERM DISABILITY PLAN,

        Defendants.

NO. CIV. S-05-0227 WBS KJM

ORDER

----oo0oo----

Trial of the above-titled matter is currently set to commence before this court on April 28, 2008, at 2 p.m. In its previous order granting plaintiff Ryan McAfee's motion for summary adjudication, the court found that plaintiff's performance-based stock options should be considered "predisability earnings" and therefore factor into defendant Metropolitan Life Insurance Company's ("MetLife") calculation of plaintiff's monthly disability benefits. At trial, the court must decide whether Metlife's subsequent discretionary

1  determination of the value of the stock options was reasonable.

2  On April 8, 2008, the parties jointly submitted a
3  memorandum informing the court of a case from the Sixth Circuit
4  Court of Appeals--also involving Metlife--that is pending before
5  the United States Supreme Court.  Specifically, on April 23,
6  2008, the Supreme Court will hear oral argument in <u>MetLife</u>
7  <u>(Metro. Life Ins. Co.) v. Glenn</u>, No. 06-923, with respect to the
8  following question:

> If an administrator that both determines and pays claims under an [employment benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461] is deemed to be operating under a conflict of interest, how should that conflict be taken into account on judicial review of a discretionary benefit determination?

13  128 S.Ct 1117 (granting writ of certiorari).

14  Because the Supreme Court is set to address (1) whether
15  MetLife's dual-function as claim evaluator and subsequent benefit
16  distributor establishes an inherent conflict of interest and (2)
17  how much a finding to this effect bears on a court's subsequent
18  abuse of discretion review, resolution of this appeal is
19  substantially likely to affect and/or provide guidance on the
20  issue to be decided in the trial of this case.  See <u>United States</u>
21  <u>v. Padilla</u>, 387 F.3d 1087, 1095 (9th Cir. 2004) ("The district
22  court may wait for guidance from the Supreme Court in its pending
23  case[].")

24  Accordingly the April 28, 2008 trial date is hereby
25  VACATED pending the Supreme Court's decision in <u>Glenn</u>, <u>supra</u>, and
26  ///
27  ///
28  ///

1 | this matter is set for Status Conference on September 8, 2008, at
2 | 2:00 p.m.
3 |       IT IS SO ORDERED.
4 | DATED: April 17, 2008

```
                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE
```